MICHAEL HANEY *vs.* JOHN DONNELLY.

Declarations of a father in respect to injuries received by his infant son are not, without other evidence than the father's declarations that he was then the son's agent, admissible in favor of the wrongdoer in an action afterwards brought against him by the father as the son's next friend. Nor can the defendant introduce evidence of who was present at such conversation, if the son was not.

ACTION OF TORT by an infant, by his father and next friend, against the defendant, for breaking the plaintiff's leg on the 2d of July 1855. Writ dated May 16th 1856.

At the trial in the superior court of Suffolk at March term 1857, before *Nash*, J., it appeared that the plaintiff lived with his father. The defendant offered in evidence a conversation between him and Patrick Haney, the father, on the 3d of July 1855, (at which time the defendant said he was first informed of the accident,) upon the subject of the injury suffered by the plaintiff, and upon the question by whom it was occasioned; and the defendant desired to put in all that was said by Patrick

at that time on that subject; contending that he was then act‑ ing as agent of the plaintiff. But the judge excluded it.

The defendant was also asked by his counsel, " Who was pres‑ ent at the conversation, when information of the accident was communicated to you ? " But it not being claimed that plaintiff was present, the judge excluded this evidence also. A verdict was returned for the plaintiff, and the defendant alleged excep‑ tions.

*J. A. Andrew & W. L. Burt,* for the defendant.

*J. C. Park,* for the plaintiff.

MERRICK, J. There is no ground upon which the defendant's exceptions can be sustained. The declarations and statements of the plaintiff's father, which he offered to put in evidence, were rightly rejected, because it had not been made to appear that he had, up to the time of the occurrence of the conversa‑ tion proposed to be proved, ever been appointed or recognized as the agent of the plaintiff, or authorized to speak on any sub‑ ject on his account or in his behalf. Before anything said or done by a supposed agent can be admitted in evidence to affect the rights of his alleged principal, the fact of agency must first be satisfactorily established, and it cannot be proved merely by his own admission or assertions. 2 Stark. Ev. (1st Amer. ed.) 55. 1 Greenl. Ev. § 114. He may be called as a witness and the agency may be shown by his testimony. But his state‑ ments, declarations and admissions, made out of court, stand on different ground, and are never to be received as evidence for such purpose. They are to be considered and treated as mere hearsay, and are of course not admissible when offered in evi‑ dence as means or instruments of proof. The defendant could not therefore establish the fact of the agency of the father by proof of anything said by him ; and he did not show it by any other positive or circumstantial evidence in the case. From the facts which were proved, as reported in the bill of exceptions, and which were adverted to by the defendant's counsel in his argument in support of the exceptions as being sufficient to jus‑ tify an inference to that effect, no such deduction can be legiti‑ mately or legally drawn.

The inquiry made by his own counsel of the defendant, while he was under examination as a witness, in relation to the persons who were present when information of the accident to the plaintiff was first communicated to him, appears to have been in relation to a matter wholly irrelevant and immaterial to the issue. Such a question might, under circumstances which may easily be supposed, have been pertinent and therefore very proper to be proposed. But nothing was shown on the trial why it should be put, or what useful purpose it could subserve, or what competent testimony it would elicit if it had been allowed. It was therefore correctly ruled that the question should not be answered. *Exceptions overruled.*